### GILL vs. JETT.

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court. This is an action of slander, in which the defendant had a verdict and judgment, and the plaintiff appealed

His counsel relies on a bill of exception taken to the rejection of two depositions, the reading of which, was objected to because they were not taken at the time and place mentioned in a notice given to the defendant's attorney.

The plaintiff's counsel urges, that the testimony was taken under the 424th article of the

Altho' the party against whom a witness is examined on interrogatories, may not be entitled to cross examine—if his opponent consents to his doing so, and gives him notice of time and place, the latter may not deceive him, by taking the deposition elsewhere, and on another day.

Code of Practice, on interrogatories annexed to the commission, a copy of which, had been served on the defendant's attorney—that in these circumstances no notice being required by law, the plaintiff cannot be injured by the one he gave; that in similar cases, the party served with a copy of interrogatories, is to add his, if any he has—that the justice who executes the commission, must confine the examination of the witnesses, to the matters stated in the interrogatories, and that neither party has a right to attend, and put to the witnesses any interrogatories, besides those annexed to the commission, and consequently, as the attendance of either party cannot be of any use, no notice is requisite, and the magistrate may consult his convenience and that of the witnesses, as to time and place.

Although the party against whom the deposition of a witness, examined on interrogatories, is taken, may not be entitled, under the Code, to cross examine him; nothing prevents this being done with the consent of the party who produces the witness.

In the present case the plaintiff very liberally notified the defendant, of the time and place, at which the commission was to be executed,

and informed him he was at liberty to be present and cross-examine. This dispensed the defendant or his attorney, from the trouble of preparing interrogatories. But the plaintiff had no right, after the liberality he had exercised, to deceive the defendant, by examining the witnesses at another time and place, than those stated in the notice.

On the merits, we see no reason to disturb the verdict.

It is therefore ordered, adjudged and decreed, that the judgment of the district court, be affirmed with costs.

*Boyce* for the plaintiffs, *Thomas* for the defendants.